# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Criminal Action No.: 5:15–CR–36
                                           (BAILEY)

MICHAEL J. MARSHALL,
BRANDT STOVER, and
NICHOLE P. NORTHCRAFT,

        Defendants.

## REPORT AND RECOMMENDATION

On April 7, 2016, Dawn E. Powell, by counsel, Donald Tennant, Esq., filed a Motion to Intervene in this matter. ECF No. 108. The Government filed its Response in Opposition on April 12, 2016. ECF No. 109. This Court held an evidentiary hearing and oral argument on the Motion on Thursday, April 28, 2016.

At the hearing, the Government appeared by counsel, L. Danae DeMasi-Lemon, Esq., and Robert H. McWilliams, Jr., Esq. Dawn E. Powell, seeking to intervene, appeared by counsel, Mr. Tennant. Scott C. Brown, Esq., counsel for Michael J. Marshall, was present in the gallery. Neither Defendants Stover nor Northcraft were present for the hearing in person or by counsel.

Through her counsel, Ms. Powell seeks to intervene in this criminal matter for the "limited purpose of being heard on assets restrained by the United States Government that are Dawn E. Powell's as beneficiary to the Estate of Stephen M. Powell." ECF No. 108 at 1. During the hearing, the Court asked Ms. Powell's counsel whether there is any legal authority to support his client's position. Mr. Tennant indicated that he was aware of no specific authority; however, he asked the Court to note the unique situation presented in this case because the Government previously moved to dismiss Stephen Powell, Ms. Powell's husband, who was indicted in this matter, after his death.

*See* ECF Nos. 81 & 82. The Government argues that Stephen Powell's death is of no consequence; under the law, Ms. Powell's Motion to Intervene is premature. For the following reasons, this Court agrees with the Government.

Under Rule 32.2, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). Regarding entry of a preliminary order of forfeiture, the Rules state that "[t]he court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A).

This Court's position is also supported by the statutory scheme governing criminal forfeitures: "Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct." 21 U.S.C. § 853(n)(1). Further, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2).

Finally, the Fourth Circuit has addressed this issue and found that "The petition authorized by § 853(n) is the exclusive avenue through which a third party may protect his interest in property that has been subject to a forfeiture order." *United States v. McHan*, 345 F.3d 262, 269 (4th Cir.

2003). Moreover, "the statute provides that, until this sentence of forfeiture is entered, no party claiming an interest in the forfeited property may intervene in the criminal case." *Id.*; *See* 21 U.S.C. § 853(k); *see also Libretti*, 516 U.S. at 44, 116 S.Ct. 356 (reaffirming that a § 853(n) proceeding is the "only . . . means" by which a third party may safeguard his rights in property ordered forfeited under § 853). "Only after the sentence is entered by an order of forfeiture and notice is given to the public may any person assert an interest in forfeited property by filing a petition pursuant to § 853(n)." *Id.*; *See* 21 U.S.C. § 853(n).

Therefore, the undersigned RECOMMENDS that [ECF No. 108] Dawn E. Powell's Motion to Intervene be DENIED WITHOUT PREJUDICE as it is premature under the law.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

**Dated**: April 29, 2016         /s/*James E. Seibert*
                                  JAMES E. SEIBERT
                                  U.S. MAGISTRATE JUDGE